**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FRESH START RESIDENTIAL, INC.,**

***Plaintiff,***

**v.** **Case No. SA-26-CV-06521-JKP**

**NEWREZ, LLC,**

***Defendant.***

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Fresh Start Residential's Motion to Dismiss. *ECF No. 6*. Defendant Newrez responded, objecting only to dismissal without prejudice. *ECF No. 8*. Upon consideration, the Court concluded the Motion to Dismiss shall be **GRANTED**.

**Factual Background**

On August 3, 2026, Fresh Start Residential filed its Original Petition and Application for TRO in state court. *ECF No. 1-1*. The Petition sought to enjoin a non-judicial foreclosure sale of real property on which Shellpoint holds a lien. After removal, Fresh Start Residential filed this Motion for Voluntary Dismissal in which it seeks dismissal of the entire action, including all claims for damages and all requests for temporary or permanent injunctive relief, but requests that dismissal be without prejudice to refiling. Fresh Start Residential states it "no longer wishes to prosecute this action."

**Legal Standard**

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless stated otherwise, a dismissal under

Rule 41(a)(2) is without prejudice. *Id*. Federal Rule 41(a)(2)'s "primary purpose" is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (quoting *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). Voluntary dismissal should be freely granted unless the non-moving party will suffer "plain legal prejudice" beyond the mere prospect of defending a second lawsuit. *Id.*; *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Kennedy v. Credence Res. Mgmt.*, No. CV SA-23-CA-00470, 2024 WL 5398772, at *1 (W.D. Tex. Oct. 3, 2024). In analyzing these Motions, courts must ask, first, whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. *Elbaor*, 279 F.3d at 317. Second, if an unconditional dismissal will not cause plain legal prejudice, the motion generally should be granted absent evidence of abuse by the movant. *Id*. Third, if an unconditional dismissal will cause plain legal prejudice, the court may deny the motion outright or impose reasonable conditions that cure the prejudice. *Id*. at 317–18. In applying that framework, courts may consider whether the plaintiff provided a sufficient reason for seeking voluntary dismissal. *Id*.

**Discussion**

Fresh Start Residential filed this suit on August 3, 2026, and filed this Motion on October 15, 2026, prior to any litigation or initial hearing. Newrez does not oppose dismissal of this case, but objects to dismissal without prejudice. Newrez contends dismissal without prejudice will cause it harm because Fresh Start Residential can file another case based upon the same procedural facts. Upon consideration, the Court finds dismissal without prejudice to be allowable. Newrez has not shown it will lose any substantial right by the dismissal, the critical question upon consideration of this Motion. *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.

1967); *Manshack*, 915 F.2d at 174. Newrez does not suffer legal prejudice merely because it could be subject to a second lawsuit. *Manshack*, 915 F.2d at 174; *see also Kennedy*, 2024 WL 5398772, at *1.

## Conclusion

Accordingly, Plaintiff Fresh Start Residential's Voluntary Motion to Dismiss pursuant to Federal Rule 41(a)(2) is **GRANTED**. *ECF. No. 6*. Each party shall bear its own costs and attorney fees.

The Clerk of Court shall terminate and close this case as of this date.

It is so ORDERED.
SIGNED this 18th day of November, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE